Frederick J. ZAEGEL, II, Petitioner-Respondent,

v.

Marie Louise ZAEGEL, Respondent-Appellant.

No. 49696.

Missouri Court of Appeals, Eastern District.

April 29, 1986.

Theodore S. Schechter, Clayton, for respondent-appellant.

James W. Herron, St. Louis, for petitioner-respondent.

SMITH, Judge.

Wife appeals from the order of the trial court addressed to her motion for maintenance and child support pendente lite. She sought $7000 per month maintenance and $8000 per month child support. The court denied her request for maintenance and ordered child support of $600 per month for each of the two children. In addition the court ordered husband to pay all interest and principal on the mortgage on the house where wife and the children reside and to pay directly all tuition and other expenses of the son at Loyola University in New Orleans and of the daughter at Mary Institute. The mortgage payments were approximately $2500 per month; the school tuition costs were approximately $15,500 annually. Wife appeals from the denial of maintenance and from the inadequacy of the child support award. We affirm.

 Husband's income is in the $120,000 range. Wife has income from investments in the $40,000 range. Her statement of income and expenses sets forth monthly expenses for herself and the children of $19,855 or $238,260 per annum. The essence of her contention is that an extravagant life style adopted during the marriage establishes per se the reasonable needs of the parties after separation. While standard of living during the marriage is evidence of reasonable need it does not automatically establish that level of need. *Brueggemann v. Brueggemann*, 551 S.W.2d 853 (Mo.App.1977) [2–4].

The evidence here warranted the conclusion that the life style of the parties was supported in part by the payment of personal expenses by the family business and by borrowing from that corporation. The court could properly find that at least the following annual expenses for the wife and two children (one of whom was away at school) were blatantly excessive: food-$12,-600, clothing-$36,000, travel-$66,000, recreation-$7200, gifts and flowers-$8400, children's spending money-$4800, housekeeping, yard, and pool maintenance-$19,300. Many of the other expenses are also suspect. Husband's obligations under the award entered were at least $60,000 annually. The record would support a conclusion that wife has annual income of at least $40,000.

We find no abuse of discretion by the trial court in the awards made, find the awards supported by substantial evidence and not against the weight of the evidence and not the basis of an erroneous declaration or application of the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). An extended opinion would have no precedential value and we affirm pursuant to Rule 84.16(b).

Judgment affirmed.

CARL R. GAERTNER, P.J., and SNYDER, J., concur.